# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2020

Lyle W. Cayce
Clerk

No. 18-10058
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KARLOS MARSHALL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1916
USDC No. 3:10-CR-158-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

In 2011, Karlos Marshall was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Marshall received an enhanced 15-year prison sentence under 18 U.S.C. § 924(e), the Armed

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-10058

Career Criminal Act (ACCA), based in relevant part on his prior Texas conviction for aggravated assault in violation of Texas Penal Code §§ 22.01(a)(1) and 22.02(a)(2). We affirmed on direct appeal, and the Supreme Court denied Marshall's petition for a writ of certiorari. *United States v. Marshall*, 487 F. App'x 895, 896-901 (5th Cir. 2012), *cert. denied*, 568 U.S. 1110 (2013). Marshall filed an unsuccessful 28 U.S.C. § 2255 motion, and we denied a certificate of appealability (COA).

Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 606 (2015), which struck down the residual clause of the violent-felony definition found at § 924(e)(2)(B)(ii) as unconstitutionally vague, we granted Marshall authorization to file a successive § 2255 motion challenging the validity of his enhanced 15-year sentence. The district court denied relief on the merits, concluding that, even without relying on the residual clause, Marshall's prior Texas conviction for aggravated assault with a deadly weapon met the requirements for an enhanced sentence under the still-valid elements clause of the ACCA. Marshall timely appealed.

Marshall persists that, post-*Johnson*, his prior Texas conviction for aggravated assault with a deadly weapon was improperly used as a predicate violent felony for purposes of the ACCA. He asserts that several of this court's decisions, published and unpublished, when taken together, appear to foreclose his argument. He maintains, though, that those cases were wrongly decided and raises the issue here to preserve it for further review. The Government has filed an unopposed motion for summary affirmance. We conclude that summary affirmance is not appropriate here, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and the Government's motion is DENIED. Nevertheless, this case can be resolved on the record before us. We therefore dispense with further briefing, and the Government's alternative motion for an extension of time for briefing is DENIED as unnecessary.

No. 18-10058

A prisoner making a *Johnson* claim in a successive § 2255 motion bears the burden of proving that "it was more likely than not that he was sentenced under the residual clause." *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020). In considering the jurisdictional question presented here, we "must look to the law at the time of sentencing to determine whether a sentence was imposed under" the now-invalid residual clause of § 924(e) or one of its remaining clauses. *Wiese*, 896 F.3d at 724; *see also Clay*, 921 F.3d at 556. We may also consider the sentencing record, the presentence report, and other relevant materials before the sentencing court. *Wiese*, 896 F.3d at 725. Our review of the law and other materials satisfies us that Marshall has failed to meet his burden of showing that it is "more likely than not" that the sentencing court relied upon the residual clause. *See Clay*, 921 F.3d at 559.

In light of the foregoing, the district court lacked jurisdiction to consider the merits of Marshall's successive § 2255 motion, and we lack jurisdiction to do so on appeal. *Wiese*, 896 F.3d at 723, 726. Accordingly, we VACATE the judgment of the district court denying relief and remand with instructions to DISMISS Marshall's § 2255 motion for lack of jurisdiction.